**WO**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America

v.                                                          **ORDER OF DETENTION PENDING TRIAL**

Mario Humberto Chacon                      Case Number: 16-9289MJ

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☐   by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒   by a preponderance of the evidence the defendant is a flight risk and require the detention of the defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☐   (1)   There is probable cause to believe that the defendant has committed
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.
    ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).
    ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.
    ☐ an offense involving a minor victim prescribed in __.[1]

☐   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒   (1)   There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐   (2)   No condition or combination of conditions will reasonably assure the safety of others and the community.

☐   (3)   There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

[1]Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☐    (1)    I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

☒    (2)    I find by a preponderance of the evidence as to risk of flight that:

     ☒    The defendant is not a citizen of the United States.

     ☒    The defendant, at the time of the charged offense, was in the United States illegally.

     ☐    The defendant has no significant contacts in the United States or in the District of Arizona.

     ☐    The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

     ☒    The defendant has a prior criminal history.

     ☐    The defendant lives and works in Mexico.

     ☐    The defendant is an amnesty applicant but has no substantial ties in Arizona or in the United States and has substantial family ties to Mexico.

     ☐    There is a record of prior failure to appear in court as ordered.

     ☐    The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

     ☐    The defendant is facing a minimum mandatory of ____ incarceration and a maximum of ___.

☐    The defendant does not dispute the information contained in the Pretrial Services Report, except:

☒    In addition:

     Mr. Chacon/Defendant was present in court for a detention hearing. Two family members were in court in support of Mr. Chacon. According the presentence report, Defendant has lived in the community for the past 12 years. He has worked in the construction industry for most of the past six years. A suitable third-party custodian has been identified for Mr. Chacon.

     Mr. Chacon was previously convicted of two felony offenses (Aggravated Assault and Resisting Arrest) that were committed on November 21, 1999. He was sentenced to imprisonment for those offenses. He was removed from the United States in 2004. For the purposes of this hearing, it is undisputed that Mr. Chacon returned to the United States without permission and has resided in the United States since 2004. Mr. Chacon has prior, but not recent, methamphetamine and cocaine use.

The Court gives no weight to the presence of a detainer in this case. *See United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) (stating "the government may not use its discretionary power of removal to trump a defendant's right to an individualized determination under the Bail Reform Act"). The Court declines to give weight to Defendant's arrests because, here, no additional information has been provided regarding the facts of those incidents.

The government advises that Mr. Chacon is subject to a reinstated removal order. If a removal order is reinstated, it is "reinstated from its original date and is not subject to being reopened or reviewed. . . ." 8 U.S.C. § 1231(a)(5). Additionally, "the alien is not eligible and may not apply for any relief under this chapter, and . . . shall be removed under the prior order at any time after the reentry." *Id.* The Court does consider the fact of Mr. Chacon's reinstated removal order as a factor supporting detention. Unlike defendants who have the opportunity to contest their removal or deportation (*e.g.* legal permanent residents), Defendant's removal order is final. If released, a defendant in a similar case faces two prospects. The defendant could obtain a dismissal or acquittal and then be removed from the United States. Or, the defendant could be convicted, serve possible imprisonment, and then be removed from the United States. The Court determines that any defendant with a reinstated removal order would consider flight in order to avoid possible imprisonment prior to removal. The Court therefore considers the fact of a reinstated removal order as one factor supporting the risk of flight in this case.

Based upon the facts before the Court, including Defendant's criminal history, and after considering the 18 U.S.C. § 3142 factors, the Court concludes that Mr. Chacon is a serious flight risk and no condition or combination of conditions will reasonably assure his appearance as required.

The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge.  Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific

written objections with the District Court.  Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 6th day of July, 2016.

Honorable John Z. Boyle
United States Magistrate Judge